**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert Lee HOLT, Jr., Defendant-Appellant.**

**No. 71–2093
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1971.

---

\* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Robert M. Ray, Jr., Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Holt was convicted in the court below of escaping from prison in violation of 18 U.S.C.A. § 4082(d) and 18 U.S.C.A. § 751(a). He did not contest the fact that while in trusty status he departed his place of confinement. His defense rested solely on the contention that he was insane at the time of his escape and therefore lacked the requisite intent required to commit the crimes charged. In this appeal, appellant raises only one point. He urges that the trial court erred in ruling as a matter of law that he had not produced sufficient evidence of insanity for the jury to be permitted to consider his defense.

The last word in this Circuit on the defense of insanity is Blake v. United States, 5th Cir. 1969, 407 F.2d 908 (en banc). Applying *Blake*, we affirm the conviction.

The law presumes sanity. To overcome this presumption the accused must provide "some" evidence of insanity. Blake v. United States, *supra*, at 911. If he does, the jury is then permitted to consider the defense of insanity along with all other evidence in the case to determine whether the prosecution has proved its case beyond a reasonable doubt. *Blake* makes clear, however, that "the question of sufficiency of the evi-

dence necessary to make an issue for the jury on the defense of insanity * * * is for the court." Blake v. United States, *supra.*

 In *Blake* this Court adopted the ALI Model Penal Code test for determining criminal responsibility:

(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

(2) As used in this Article, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Blake v. United States, *supra,* at 913, 915.

 It was incumbent upon Holt to provide "some" evidence to the district court that he met the ALI-*Blake* standard. This he failed to do. Holt called four witnesses, one a court-appointed psychiatrist, on the issue of his sanity. The psychiatrist described Holt as suffering from "impaired judgment," "a mental disorder," "poor judgment," "impulsivity," and as being "dissocial." When asked to explain "mental disorder," he defined it as any deviation from the normal personality. Despite vigorous interrogation by Holt's counsel, the doctor refused to describe Holt's condition as a mental disease or defect as required by the *Blake* test. Moreover, when asked if Holt's condition could prevent his knowing the wrongfulness of his act, the witness answered, "no." He also answered "no" when asked if Holt was substantially incapable of conforming his conduct to the requirements of law.

Holt thus failed to meet either part of the two-step *Blake* test. He produced adequate evidence of his abnormal per-

sonality but not even "some" evidence that he suffered from a mental disease or defect *or* that as a result of his abnormality he could not "appreciate the wrongfulness of his conduct or * * * conform his conduct to the requirements of law." The record shows that Holt's counsel questioned the psychiatrist at length, trying to elicit from him one of the magic words, "disease" or "defect." He failed. He succeeded instead in drawing from the witness a fairly clear picture of appellant as a person contemplated by paragraph (2) of the *Blake* test. Such persons are not entitled to the defense of insanity.

Since Holt failed to provide the court below with "some" evidence that he was not legally responsible for his criminal conduct, the court was correct in not permitting the jury to consider the insanity defense.

Affirmed.